## SUPREME COURT.

### ROYALL E. ROBBINS and HENRY A. ROBBINS agt. ISAAC ALEXANDER.

A deed of compromise and settlement executed, under seal, by judgment and other creditors, with a covenant not to sue or molest the debtor or his property, he paying a certain per cent. on the amount of his debts,—*held*, not to affect the amount of *costs* in a judgment signed off by the plaintiffs as such judgment creditors, where there was a previous agreement that the plaintiffs' *attorney* should have the costs in the suit as a recompense for his services, of which the defendant, the debtor, had notice.

A refusal by the plaintiffs, when compromising, to settle as to such costs, *held*, to be a severance of the costs from the rest of the debt recovered by the judgment, so that the plaintiffs' attorney owned the costs, and the plaintiffs the rest of the debt only.

Robbins agt. Alexander.

*New-York Special Term, March,* 1855.

· THIS was a motion made in two causes by the defendant, Isaac Alexander, to set aside two executions issued upon two judgments in favor of the plaintiffs against said defendant.

It appeared that in October, 1851, the plaintiffs recovered two judgments, in the supreme court, against the defendant: the first for $380.66, the second for $379.12. The defendant stated that the plaintiffs entered into and executed an agreement with him—[setting out a copy]—settling and compromising the said judgments, and the claims and the moneys due thereon; that he then and there paid to the plaintiffs the amount required by said agreement, and they accepted the same as full satisfaction.

That in December, 1854, the plaintiffs, by their attorney, Daniel Bowley, issued execution on each of said judgments, to the sheriff of the county of New-York, directing said sheriff to levy upon the first judgment $153.78, and upon the second the sum of $143.89. That under said executions the sheriff had levied upon the property and stock in trade of defendant, and threatened, and was about to remove it for sale.

The substantial part of the deed of compromise run as follows :—

" Now know ye, that we, the said creditors of the said Isaac Alexander, in consideration of the premises and of one dollar, and other considerations, to each of us in hand paid, do, for ourselves respectively and severally, and for our respective and several executors, administrators, and assigns, covenant, promise, compound, and agree to and with the said Isaac Alexander, his executors, and administrators, that we, the said several creditors, shall and will accept and receive, and hereby do accept and receive, from the said Isaac Alexander, for each and every dollar that the said Isaac Alexander doth owe and is indebted unto us respectively, the sum of ten cents, in full discharge and satisfaction of such several debts and claims.

" And we, the said several creditors, do severally and respectively, for ourselves, our several and respective executors,

administrators, and assigns, in consideration of the premises, further grant, promise, and agree to and with Isaac Alexander, that neither we, the said several creditors, nor any of us, nor the executors, administrators, or assigns of us, or any or either of us, shall or will, at any time hereafter, sue, arrest, molest, trouble, imprison, or attach the said Isaac Alexander, his executors or administrators, or his or their goods, chattels, or property, for any debt or other existing claim or demand now due, or owing to us, or any of us, his creditors as aforesaid.   In witness, &c.

"March 3, 1854."                    [Signed and sealed.]

It appeared, on the part of the plaintiffs in the execution, by the affidavit of their attorney, Daniel Bowley, and of the plaintiff Henry A. Robbins, corroborated by the plaintiff Royall E. Robbins, that the attorney agreed with the plaintiffs to prosecute the actions for the costs thereof as against the defendant. And the plaintiffs agreed with the attorney, upon the commencement of the actions, that the costs should belong to the attorney; and that the portions of the judgments therein for costs did then belong to the attorney pursuant to said agreement. That the defendant was distinctly informed that such costs belonged to the attorney, by the attorney himself, about six months previous to the execution of the deed of compromise. And the said Henry A. Robbins, at the time of the compromise, told the defendant that the plaintiffs could not settle with him as to said costs; that they did not know the amount of Mr. Bowley's claim for costs; that the plaintiffs would receive a hundred dollars as a satisfaction of the original debt; that he told defendant that he would rather not sign the release without seeing Mr. Bowley, (who was then absent;) that defendant said, "Leave the amount blank," which was accordingly done.

The defendant denied, in the most positive manner, that Bowley, at any time, ever informed him, or gave him to understand, or intimated to him, that any part of said judgments, either for costs or otherwise, belonged to him, said Bowley, or that he had any personal interest therein to any amount what-

ever. That defendant never heard, from any source, or in any way at any time, until the affidavit was made by said Bowley, in December, 1854, that said Bowley made any such claim. That the plaintiffs, at the time of the compromise, told defendant, if he would pay them $100 they would release him; that defendant paid them $100 in gold, and one of them signed the release, in the presence of the other, for both. Defendant requested them to fill up the amount opposite their names, and one of the plaintiffs then, for the first time, mentioned the word lawyer or attorney; and said their lawyer was absent from the city, and had all the papers, and he could not tell the amount, but as soon as he returned he would give the defendant up the notes sued on. Defendant positively denied that, at that time, the plaintiffs, or either of them, said or intimated that they could not settle with him as to said costs, or any costs in said judgments. That the plaintiffs expressly affirmed, before signing their names to the compromise, that, on payment of the $100, they would release him from all demands.

The affidavit of H. H. Hunter, a clerk in the office of the defendant's attorney, stated that, in April, 1854, he called on the plaintiffs to get satisfaction pieces of said judgments. One of the plaintiffs said, if he would call the next day (being then very busy) he would sign said satisfaction pieces; and said plaintiff expressed himself satisfied with the compromise with defendant, and said he would sign the satisfaction pieces with pleasure—that they had gotten much more than they ever expected to. On again calling for the execution of said satisfaction pieces, the plaintiffs declined until their attorney should see them, and say they were correct.

The plaintiffs denied the statement made by Hunter, that they ever expressed themselves satisfied with the compromise, and would execute the satisfaction pieces with pleasure, &c.

The affidavits on the motion were very conflicting.

ALBERT MATHEWS, *for motion*, said,

*First.* The release is valid on its face, as a discharge of the judgments.

1. Covenant not to sue (under seal) operates as a release, to avoid circuity of action. (*Cuyler* agt. *Cuyler*, 2 *Johns.* 186.)

It is fraud on other creditors to sue. (*Crowley* agt. *Hillery*, *Maule & S.*, 120.)

So a covenant to indemnify against debt. (*Clark* agt. *Bush*, 3 *Cow.* 151; *Phelps* agt. *Johnson*, 8 *Johns.* 43.)

2. An agreement by a creditor, under an arrangement with other creditors, to compromise a debt for part payment, is good not under seal—the agreement of the other creditors being a good consideration. (*Alchin* agt. *Hopkins*, 1 *Bing. N. C.* 99, 102; *Good* agt. *Cheeseman*, 2 *B. & A.* 328.)

3. It is not necessary to set opposite the name of a creditor the amount of his debts, although the agreement says, " their debts set opposite their names," &c. (*Harridy* agt. *Wall*, 1 *B. & Ald.* 103; 2 *Stark.* 198; *King* agt. *Smith*, 4 *Car. & P.* 108.)

4. A debt of record, as a judgment, may be released by sealed instrument. (*Parke* BARON, *Barber* agt. *St. Jurntain*, 12 *Mees. & Wels.* 452; *recognized*, 4 *Denio*, 416; *West* agt. *Blakeman*, 2 *Scott's New Rep.* 199.)

5. A release by one of two or more joint debtors, though upon nominal consideration, and intended only to discharge the one, releases all. (*The Bank of Poughkeepsie* agt. *Ibbotson*, 5 *Hill*, 460; *Hoffman* agt. *Dunlop*, 1 *Barb. S. C. R.* 186; *Stitt* agt. *Cass*, 4 *id.* 92.)

6. So by one member of a firm, &c., under seal. (*Pierson* agt. *Hooker*, 3 *John. R.* 68; 19 *John. R.* 143; *King* agt. *Smith*, 4 *Car. & Paine*, 108.)

*Second.* Parol evidence is inadmissable to vary the legal effect of either the release or the record. (*Van Brunt* agt. *Van Brunt*, 3 *Edw. V. C. R.* 14; *Russell* agt. *Rogers*, 10 *Wend.* 479; *Holmes* agt. *Viner*, 1 *Esp. R.* 131; *Pierson & Hooker*, 3 *Johns. R.* 68.)

*Third.* The alleged sub-contract of the attorney with his client, did not sever the obligation of the judgment against the defendant. So far as he was concerned, the plaintiffs were his sole creditors, and the defendant might so treat them, and their release was valid to discharge the whole judgment. (*Aus-*

Robbins agt. Alexander.

*tin* agt. *Hall*, 13 *Johns. R.* 286; *Bronson* agt. *Fitzhugh*, 1 *Hill*, 185; *Decke* agt. *Livingstone*, 15 *Johns.* 479; *Gibson* agt. *Winter*, 5 *B. & Ald.* 96.)

*Fourth.* The affidavits of the parties being conflicting, the plaintiff should be left to the remedy by action, or an issue awarded 'to a jury. (*Dresser* agt. *Shufelt*, 7 *How. P. R.* 85; *Timon* agt. *Leland*, 6 *Hill*, 237.)

LORENZO B. SHEPHERD, *opposed.*

MITCHELL, Justice. The affidavit of Mr. Bowley, the plaintiff's attorney, and of Henry A. Robbins, one of the plaintiffs, are positive, that by arrangement between the plaintiffs and their attorney, before the suits were commenced, the costs to be recovered were to belong to the attorney. Mr. Bowley also swears, that after judgment was obtained, and before he went abroad, he told the defendant, I. Alexander, that the costs belonged to him alone; and H. A. Robbins swears, that when the release was executed by him to the defendant, he stated to the defendant that the attorney was absent, and he did not know the amount of his costs, and could not settle with the defendant as to them.

The defendant denies that Mr. Bowley ever told him this, or that Mr. Robbins made such a statement; but the burden of proof is against him.

The release, as it is called, is under seal, and is a composition signed by the creditors of Alexander, and, among others, by the plaintiffs. The amounts are usually set opposite to the creditors' names; but no amount is set opposite to the plaintiffs' signatures, except one in lead-pencil, which, it was admitted, was placed there after the release was executed.

The judgments were for $380.66 and $379.12, including in the two $209.67 for costs.

The plaintiffs' attorney has issued executions, directing the sheriff to levy for his costs only, and the defendant moves to set aside the executions.

The release is, in fact, a covenant not to sue or molest the

defendant, he agreeing to pay ten per cent., and is by each creditor, "for any debt, claim, or demand now due or owing to us, or any of us, his creditors."

The agreement between the plaintiffs and their attorney, that he should have the costs in the suit, as his recompense for his labor, and the communication to the defendant, that the costs belonged to the attorney, and the refusal of the plaintiffs, when compromising, to settle as to those costs, were a severance of the costs from the rest of the debt recovered by the judgments, so that the plaintiffs' attorney owned the costs, and the plaintiffs the rest of the debt only.

The covenant of the plaintiffs, not to sue for any debt, claim, or demand due or owing to them, did not, under these circumstances, include the costs which thus belonged to their attorney, and not to them.

The motion to set aside the executions is denied without costs, and without prejudice to the defendants moving for a re-taxation of the costs.

He says, the judgment was obtained by default without a trial. If by that is meant, without the cause being on the calendar for trial, and it be true, there must be a great error in the costs.